# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:06-CV-125-RLV-DCK

| | |
|---|---|
| **REBECCA S. SMITH, individually and on behalf of a class of those similarly situated,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | **ORDER** |
| **GMAC MORTGAGE CORPORATION,** ) ) | |
| **Defendant.** ) ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Require Plaintiff To Identify Substitute Counsel And To Reset Certain Discovery Deadlines, And Request For A Scheduling Conference" (Document No. 34) and Defendant's "Memorandum Of Law In Support..." (Document No. 35), filed April 16, 2008. Plaintiff has failed to file a timely response to the pending motion. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for review.

The Court is not without sympathy for the Defendant's dilemma. However, having carefully considered the motion, the record, and the applicable authority, the undersigned will deny Defendant's motion for the reasons set out below.

Defendant's motion first seeks to require Plaintiff to disclose the identity of her new counsel. To date, as Defendant acknowledges, while other counsel have been allowed to withdraw, Plaintiff is still represented of record by Curtis R. Sharpe, Jr., and has been so represented since the beginning of this action. Defendant contends that Plaintiff *intends* to secure new counsel, and that Mr. Sharpe *intends* to withdraw as counsel. This may very well be true. However, Mr. Sharpe has neither

sought, nor been granted, leave by the Court to withdraw, and no notice of appearance has been filed by new counsel. If either event were to occur, the undersigned believes rules and procedures are in place to adequately inform Defendant. Defendant offers no authority, and the undersigned is aware of none, pursuant to which the Court could "require Plaintiff to identify substitute counsel," particularly when it is unclear whether "substitute counsel" exists.

The balance of Defendant's motion involves discovery deadlines and a request for a scheduling conference. Most of the deadlines proposed by Defendant's motion have already passed – and were unreasonable as proposed considering the time allowed under the rules for Plaintiff to file a response to that motion. Defendant's request for a scheduling conference, while understandable, will be denied without prejudice at this stage.

It is the undersigned's view that **if** Plaintiff has indeed failed to meet required discovery deadlines, then Defendant may file a motion to compel, or other appropriate motion, including for example, a motion to dismiss for failure to prosecute. Apparently, Plaintiff should have served her responses to Defendant's first set of interrogatories and request for production of documents by April 23, 2008. (See "Order Granting Plaintiff's Motion To Extend Time ..." (Document No. 28)). Furthermore, a "...Consent Motion To Modify Scheduling Order" (Document No. 29) indicates a deposition deadline of May 4, 2008. These deadlines passed subsequent to Defendant's motion and the Court is uncertain whether they were met or not. The Court has allowed several previous extensions in this case and stated in its most recent order allowing an extension (Document No. 29) that further extensions of dates were unlikely. Finally, as noted above, the Plaintiff failed to file any response to this motion at all.

The parties should note that **with or without counsel**, they must abide by the scheduling

orders issued by the Court. Failure to do so risks sanctions. Federal Rule of Civil Procedure 37(b)(2) states:

> (A) If a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders. They may include the following:
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;
>>
>> (iv) staying further proceedings until the order is obeyed;
>>
>> (v) dismissing the action or proceeding in whole or in part;
>>
>> (vi) rendering a default judgment against the disobedient party; or
>>
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> . . .
>
> (C) Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

In addition, Federal Rule of Civil Procedure 41(b) allows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

The Fourth Circuit "has emphasized the significance of warning a [party] about the possibility of default before entering such a harsh sanction." Hathcock v. Navistar Int'l Transp.

Corp., 53 F.3d 36, 40 (4th Cir. 1995) quoting, Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir.1993); see also Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The parties are hereby respectfully reminded that they must follow the Federal Rules of Civil Procedure and the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Require Plaintiff To Identify Substitute Counsel And To Reset Certain Discovery Deadlines, And Request For A Scheduling Conference" (Document No. 34) is **DENIED WITHOUT PREJUDICE**.

Signed: May 12, 2008

David C. Keesler
United States Magistrate Judge